**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHONRICA WARREN** | § | **CIVIL ACTION NO.: 4:20-cv-02219** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **IMPELLAM GROUP NORTH** | § | **JURY DEMANDED** |
| **AMERICA d/b/a** | § | |
| **CORESTAFF SERVICES** | § | |
| | § | |
| **Defendant.** | § | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

**TO THE HONORABLE DISTRICT COURT JUDGE**:

Plaintiff Shonrica Warren ("Ms. Warren" or "Plaintiff") files this Original Complaint for causes of action stated below, complains of and about Impellam North America d/b/a Corestaff Services ("Impellam" or "Defendant"), and will show onto the Court as follows:

## I.        PARTIES

1.        Plaintiff Shonrica Warren is a U.S. Citizen residing in Harris County, Texas.

2.        Defendant is a foreign for-profit staffing company incorporated Defendant is a foreign corporation, authorized to do business in the State of Texas, and may be served through its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 USA.

## II.        JURISDICTION

3.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (2018). Plaintiff's causes

of action arise under a federal statute, namely, Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1); § 2000e-3.

4.       Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § Plaintiff's similar State law claims that arise under the Texas Commission on Human Rights Act, codified in Chapter 21 of the Texas Labor Code. TEX. LAB. CODE § 21.001 *et seq.* ("TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, under Article 3 of the United States Constitution.

5.       Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where all or a substantial part of the events or omissions giving rise to the claim occurred.

### III.      NATURE OF THE ACTION

6.       This is an action brought pursuant to 42 U.S.C. § 2000(e) *et seq.* - Title VII of the Civil Rights Act of 1964 and TCHRA - TEX. LAB. CODE § 21.001 *et seq.* on the grounds that Plaintiff was discriminated against on the basis of Race (African-American), subjected to hostile work environment, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000(e) *et seq*. This action seeks to recover damages caused to Plaintiff by Defendant's unlawful and discriminatory employment practices.

7.       The action also further seeks to recover damages for Defendant's violation of TCHRA. Specifically, Plaintiff complains that Defendant discriminated against her on the basis of her race, and retaliated against her for engaging in protected activities. *See* TEX. LAB. CODE § 21.001 *et seq.*

### IV.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.       On July 3, 2018, Plaintiff filed a charge with the U.S. Equal Employment

2

*Plaintiff's Original Complaint*

Opportunity Commission ("EEOC") against Defendant for discrimination based on race, hostile work environment, and retaliation.

9.      Subsequently, the EEOC issued Plaintiff with a Notice of Right to Sue, dated March 27, 2020.  Plaintiff files this lawsuit within ninety (90) days of receiving the said notice. Therefore, this lawsuit is timely filed.

## V.      FACTS

12.      Corestaff, a brand under Impellam North America, is a staffing company that provide temporary labor opportunities for customers. In the area, the McCoy Recruiting office and Goodman Recruiting office are two of Defendant's primary clients. On November 24, 2012, Ms. Warren was temporarily hired by Corporate Employment Resources Inc. as a House Associate. Ms. Warren was permanently hired by Corestaff on March 18, 2013 as a Client Relationship Specialist at Corestaff's West Houston office.

13.      In July 2014, Ms. Warren was promoted to Branch Manager for the McCoy on-site office, and she was the only African-American manager. In August 2016, Ms. Warren was forced into the role of acting manager for the Goodman office in addition to her manager position at the McCoy office. Ms. Warren's supervisor and Regional Director, Tiffany Bell (hereinafter "Ms. Bell"), gave her an ultimatum that Ms. Warren either take the new manger role at McCoy office or lose her job. At that time, it was unheard of for an employee to serve as manager for two sites due to the workload required. Ms. Warren was the only branch manager required to be in the field daily, and manage an additional site over 45 minutes away, while managing and developing her team(s).

14.      On September 29, 2016, Ms. Bell confided in Ms. Warren that "she knew how to get rid of Pierre Jones" and openly called him a "Black bastard," in front of Ms. Warren's face.

3

*Plaintiff's Original Complaint*

Mr. Jones was another African American supervisor that worked for Defendant. Shortly thereafter, Mr. Jones was fired.

15.     In February 2017, Ms. Warren was formally promoted to Branch Manager for the Goodman office while still serving as same for the McCoy office.

16.     On March 14, 2017, Ms. Bell informed Ms. Warren that Mr. Jones was suing for discrimination and that she needed Ms. Warren's help to protect the company. Ms. Bell wanted Ms. Warren to fabricate a story about Mr. Jones bringing a gun to work. Ms. Warren refused to assist. Ms. Bell persisted further and stated to Ms. Warren, "I know that Blacks stick together, but I really need you (Ms. Warren) to do this for me." Again, Ms. Warren refused and openly stated that she did not want to be involved and did not appreciate the way Mr. Jones was being treated.

17.     After Ms. Warren refused to assist the company in their lawsuit, Ms. Bell started harassing Ms. Warren and intentionally interfered with her work. Ms. Bell would order Ms. Warren to cancel her paid job solicitation ads, which led to clients' complaints. Ms. Bell would order Ms. Warrens to stop and start running ads frequently, which Plaintiff believes was a targeted attack with a retaliatory motive aimed at negatively affecting Ms. Warren's job performance.

18.     Ms. Bell constantly harassed and berated Ms. Warren for not being "visible" in the office after directing Ms. Warren not to be there. Ms. Bell also excluded Ms. Warren from meetings but held her responsible for the information discussed in those meetings. Furthermore, Ms. Bell would give Ms. Warren a deadline then change the deadline to an impossible date. Ms. Bell would also make uncomfortable comments to Ms. Warren based on her race. For instance, Ms. Bell asked Ms. Warren to do her hair and makeup, and Ms. Warren initially declined, but Ms. Bell responded, "Do you not like your job? You're my Shay Shay. There is so much opportunity for you if you just

*Plaintiff's Original Complaint*

do what I need you to do." Ms. Warren let Ms. Bell know that these comments made her feel uncomfortable.

19.     On or around August 5, 2017, Ms. Bell told Ms. Warren that she wanted Ms. Warren to terminate Dale Turner, an African-American employee, because of her "New Orleans accent" Ms. Warren stated that she could not do that, but instead she would change her job functions so that Ms. Turner was not answering the phone. In September 2017, Ms. Bell began ignoring African-American employees including: Montrel Quarles, Latarsha Harris, Dale Turner, and Darryl Harrison. Ms. Bell also refused to allow Ms. Warren and her staff to continue to represent the company at job fairs.

20.     On October 12, 2017, Ms. Bell and Ms. Warren met to discuss improving employee retention. Ms. Warren stated that Corestaff and Goodman Offices should take employee complaints about sexual harassment, labor law infractions, and verbal abuse more seriously. Ms. Bell replied, "Your job is to fill the orders and make sure those jobs are filled so that we don't lose the account so stop being a Christian because if we lose this account there will be no more Tiffany Bell." The next day, Ms. Warren reported this conversation to Kristina Dee in HR. Within a month, Ms. Warren was demoted to Recruiter. Ms. Bell also placed Ms. Warren on a Transitional Plan, and the HR manager Karen Schleuder stated she never seen anyone put on that plan before.

21.     The retaliation continued and within a few days Ms. Bell removed associates from Ms. Warren, which reduced her commissions, and lowered her statistics on the KPI performance report. Ms. Warren was forced to make another complaint with HR on November 20, 2017. Within days of that complaint, Ms. Bell then removed all Ms. Warren's associates to an in-house account from which Ms. Bell directly draws commissions. Ms. Bell continued to prohibit Ms. Warren from attending job fairs which was necessary for Ms. Warren to perform my job effectively. Ms. Warren

5

*Plaintiff's Original Complaint*

put HR on notice Ms. Bell's discriminatory, abusive, and retaliatory behavior, but failed to conduct any investigation or even act.

22.     On January 5, 2018, Vice President of HR Rebecca Blankenship terminated Ms. Warren and stated that the termination was due to a reduction in force. Ms. Warren was the only employee that was terminated due to Defendant's "reduction in force," despite having the longest tenure, the most experience, and the highest gross profit total in her region. Ms. Warren was also the only African-American Recruiter at the time she was demoted. None of the non-African-American Recruiters were terminated. The other recruiters are: Britney Flores (White), Whitney Ecklund (White), Whitney Stevenson (White), and Stephanie (Hispanic).

23. Plaintiff alleges she was discriminated because of her race (African-American) and retaliated for opposing and engaging in protected activities. Defendant was aware of Plaintiff's complaints but refused to address the hostile work environment. Due to Defendant's failure to act it can be inferred that such conduct is condoned at Defendant's workplace.

## VI.     CAUSES OF ACTION

### 1. RACE DISCRIMINATION – Title VII Civil Rights Act 42 U.S.C. 2000(e) *et seq*.

24.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

25.     Defendant willfully and intentionally engaged in unlawful employment practices against Plaintiff on the basis of Plaintiff's race.

26.     Plaintiff is a member of a protected class, namely African American. Plaintiff was also clearly qualified for the position due to the fact that she held multiple manager positions at different offices.

27.     Plaintiff was subjected to adverse employment actions, namely, discriminated

6

against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's race (African American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). The facts indicate that Plaintiff's supervisor made Plaintiff uncomfortable with a racially charged rhetoric. Plaintiff was targeted because she was the only African American manager and the treatment she faced was because of her race.

28.     Defendant's non-African American employees were treated more favorably, compared to Plaintiff. In the alternative, similarly situated non-African American recruiters were not terminated due to the "reduction in force." Plaintiff was the only person terminated for those reasons and was the only black recruiter in the position.

**2. TCHRA RACE DISCRIMINATION - TEX. LAB. CODE § 21.001 *et seq*.**

29.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African American).

31.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 *et seq*.

**3. TITLE VII RETALIATION – 42 U.S.C. 2000(e)(3) *et seq*.**

32.     Plaintiff incorporates by reference all of the foregoing allegations in each of the

7

*Plaintiff's Original Complaint*

paragraphs above as if fully set forth herein.

33.     Plaintiff engaged in activities protected by applicable federal and state law, namely, opposed in engaging in another employee's lawsuit, complaints to HR regarding discrimination, harassment, and hostile work environment because of Plaintiff's race.

34.     Defendant intentionally retaliated against Plaintiff because of the said complaints of race, hostile work environment and harassment made to Defendant. Defendant, through its agents, stripped Plaintiff of her job duties, demoted Plaintiff, interfered with Plaintiffs day to day business, which ultimately affected the terms, compensation, conditions, and privileges of Plaintiff's employment.

35.     Plaintiff was terminated by Defendant on January 5, 2018 less than two months after she made her last complaint on November 20, 2017. Moreover, the adverse employment action taken against Plaintiff was directly related to Plaintiff engaging in protected activities under the law.

## 4. TCHRA RETALIATION - TEX. LAB. CODE § 21.001 *et seq.*

36.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37.     Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination and harassment made to Defendant in violation of the Texas Labor Code § 21.055.

## 5. TITLE VII – HOSTILE WORK ENVIRONMENT – 42 U.S.C. 2000(e) *et seq.*

38.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

39.     Plaintiff was subjected to unwelcome harassment throughout the course of her

8

*Plaintiff's Original Complaint*

employment by her supervisor Tiffany Bell. Plaintiff alleges that Ms. Bell frequently made humiliating comments that made Plaintiff feel uncomfortable at work. Ms. Bell's hostile treatment, as stated in the facts, unreasonably interfered with Plaintiff's work performance. Plaintiff asserts that any reasonable person in her position would find Ms. Bell's conduct to be offensive and severe.

40.     The harassment complained of was not an isolated instance, but it affected a term, condition, and/or privileges of Plaintiff's employment in that it, among other effects, caused her to be humiliated and suffer severe emotional stress.

41.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish and other pecuniary and non-pecuniary losses in the amount to be determined at trial.

## XIV.  JURY DEMAND

42.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submit the jury fee.

## XVII.  PRAYER

43.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

      a.  All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments hereto, including but not limited to back pay, future wages, upgrading, and compensation for benefits not received;

      b.  Compensatory damages, including, but not limited to, emotional distress;

      c.  Past, present, and future physical pain and mental suffering;

*Plaintiff's Original Complaint*

d.  Punitive damages;

e.  Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of Court; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Federal Bar ID 713316
2603 Augusta Dr., Suite 1450
Houston, Texas 77057
Telephone: (713) 742-0900
Facsimile: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

*Plaintiff's Original Complaint*

Eddie Hodges Jr.
Texas Bar No. 24116523
S.D. ID. 3479748
2603 Augusta Dr., Suite 1450
Houston, Texas 77057
Telephone: (713) 742-0900
Facsimile: (713) 742-0951
Eddie.hodges@kennardlaw.com
**OF-COUNSEL ATTORNEY FOR PLAINTIFF**

*Plaintiff's Original Complaint*